IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RON CHRISTOPHER RHODES,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | No. 5:15-cv-00146-MTT-CHW |
| : | |
| Warden **EDWARD PHILBEN,** : | Proceedings Under 28 U.S.C. § 2254 |
| : | Before the U.S. Magistrate Judge |
| Respondent. : | |
| : | |

## REPORT AND RECOMMENDATION

On April 24, 2015, Petitioner, Ron Christopher Rhodes, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent, Edward Philben, filed a motion to Dismiss as Untimely on September 10, 2015, (Doc. 12) alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1-year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**. Doc. 12.

I. Procedural History

On July 14, 1998, Petitioner was indicted by the Grand Jury of Bibb County on one count of Murder and one count of Armed Robbery. Doc. 13-1, p. 7-8. The District Attorney of Bibb County moved the trial court to order Petitioner to undergo a psychological evaluation to determine his competency; the motion was granted on April 30, 1999. Doc 13-1, pp. 10 -11. The results of that examination are not in the record, but Petitioner was apparently shot in the head in 1992 at the age of fifteen (15). Doc. 13-9, p. 36. The bullet lodged in Petitioner's right parietal cortex. Doc. 13-9, p. 39. On March 6, 2010, Petitioner was allowed to enter a plea of guilty but

1

mentally retarded. In exchange for his plea, Plaintiff received a sentence of life on count one, Murder, and a sentence of life on count two, Armed Robbery, to run consecutive to count one.[1] Doc. 13-1, p. 35.

Plaintiff filed no direct appeal, but initiated a State Habeas action in the Superior court of Calhoun County in August of 2004. Doc. 13-9 pp. 1 – 9, 15 – 32. Petitioner alleged five grounds of error focusing on the effectiveness of his attorney and the voluntariness of his plea. Doc. 13-1, p. 1 - 2. All five grounds were denied on May 11, 2005. Doc. 13-10. There is no evidence in the record indicating that Plaintiff attempted to appeal the state habeas decision or otherwise took action contesting his sentence until July 11, 2013, when Petitioner filed a "Motion for Hearing on Allowance for Time Credit." Doc. 13-5, p. 19. Six months later, Petitioner filed twenty additional motions attacking his sentence as well as the circumstances of his case. *Id*. Several of the motions sought to attack and challenge the validity of Petitioner's guilty plea, including motions for out of time appeal, a motion contesting Petitioner's competency at the time he entered his plea, and a motion to withdraw his plea. Doc. 13-5, p. 20. The Superior court of Bibb County denied all of Plaintiff's motions on January 15, 2014. *Id* at 19 - 23. Plaintiff filed a notice of appeal on February 19, 2014, and the Supreme Court of Georgia denied it on January 20, 2015. *Rhodes v. State*. 296 Ga. 418 (2015).[2]

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C.

---

[1] On September 30, 1997, Plaintiff gave a statement to Detective Williams indicating his involvement in the shooting. Doc. 13-1, p. 12.

[2] The Supreme Court of Georgia affirmed the habeas court's decision to deny Plaintiff's Motion for Out-of-Time Appeal. Since the Motion for Out-of-Time Appeal was denied, it does not affect when the AEDPA's limitations period began to run. See *Jimenez v. Quarterman*, 555 U.S. 113 (2009). The Supreme Court of Georgia held "[b]ased on our determination that appellant was not entitled to withdraw his guilty plea or to an out-of-time appeal, we find no error in the trial court's denial of appellant's remaining motions in which he raised or sought evidence support substantive challenges to his conviction." *Rhodes*, 296 Ga. at 421.

§ 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner filed no direct appeal, his March 14, 2000, judgment became "final" thirty (30) days later, on April 13, 2000, when the time for filing a notice of appeal expired. See O.C.G.A. § 5-6-38(a); See also *Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008). From that date, Petitioner had one year to file a timely petition for federal habeas relief. However, any period of time in which petitioner had a pending, properly filed application for State post-conviction or other collateral review does not "count" toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner entered his negotiated plea of guilty of March 6, 2000, and his plea was filed on March 14, 2000. Petitioner had thirty (30) days from that date to file a notice of appeal, but he did not. Therefore, the decision of the sentencing court became final, Plaintiff's time for seeking direct review expired, and the 1-year AEDPA clock began running on April 13, 2000. From that date, Plaintiff had one-year to either file his federal habeas petition or otherwise seek state relief that would toll the period. Petitioner did not file his state habeas petition until August 2004. Doc. 14-9, p. 1. Up until that date, the 1-year AEDPA clock was running, and it expired on April 13, 2001. Any tolling effect the state habeas action may have had is irrelevant, as the one-year AEDPA limitation had already expired. Therefore, Plaintiff's instant petition is untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner failed to file a response to Respondent's

Motion to Dismiss despite the Court ordering a response[3] (Doc. 14) and granting, by text order, Petitioner's Motion for an Extension of Time. ECF. No. 16. Petitioner's time for filing was extended until November 8, 2015, and has long since expired. As of the date of this Order, the Court has received no further filings from Petitioner. Construing Petitioner's pleadings liberally, Petitioner alleges he is entitled to have AEDPA's clock tolled due to lack of access to resources necessary to research his habeas petition (Doc. 15, p. 1) as well as mental incompetency. Doc. 1, pp. 13 – 14, 18 – 20.

The burden to prove entitlement to equitable tolling lies with Petitioner. In the context of mental incompetency, this burden is met if Petitioner presents evidence sufficient to establish a causal connection between a mental impairment and ability to file a timely habeas petition. *Hunter v. Farrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2009). Petitioner's mental impairment is severe enough to entitle him to tolling if, "by himself, [he] is not able to understand and comply with the AEDPA's filing requirements and deadlines." *Id.* at 1309. Thus, some mental impairment is not enough to entitle Petitioner to tolling, the mental impairment must be significant and relevant to his ability to file. *Taylor v. Lightner*, 2015 WL 3407622, at *4 (S.D. Ala. 2015).

Here, Petitioner fails to demonstrate a sufficiently severe mental impairment or a causal connection to his failure to timely file. While not dispositive of Petitioners claim, Petitioner alleges he was evaluated by two psychiatrists prior to his trial—one found Petitioner competent to stand trial and one found Petitioner competent and malingering. Doc. 1, p. 18. Petitioner was ultimately determined to be competent to enter a plea of guilty but mentally retarded. Importantly, there is no indication in the record that Petitioner's motions are written by legal

---

[3] In the Court's order, Petitioner was advised that failure to respond could result in the dismissal of his Petition. Doc. 14.

4

assistants; Petitioner asked for an extension of time to complete his legal research because of lack of access to resources, not slowness of cognition; and Petitioner has filed over twenty motions pursuing multiple avenues attacking his conviction. The record is sparse concerning Petitioner's mental status, and he has failed to provide sufficient evidence to demonstrate his mental impairment or a causal connection between that impairment and his untimely filing. Petitioner may have been able to supplement the record if he had responded to Respondent's Motion to Dismiss, therefore, it is noted that Petitioner's allegations, if taken as true, are also insufficient to demonstrate entitlement to tolling. Petitioner was able to and did file multiple attacks on his conviction, and does not allege due diligence in attempting to file a federal habeas action. See *Foley v. U.S.*, 420 F. App'x 941, 942, (11th Cir. 2011) (citing *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698, 702 (11th Cir. 2004). To the extent that Petitioner argues that his 2013 and 2014 state court filings demonstrate due diligence, "a lack of legal education and related confusion or ignorance about the law" is not an accepted excuse "for failure to file in a timely fashion. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013).

In the context of inadequate access to legal materials, Petitioner may meet his burden entitling him to equitable tolling if Petitioner shows actual harm because he was "unconstitutionally prevented [] from exercising that fundamental right of access to the courts." *Akins v. U.S.*, 204 F.3d 1086 (11th Cir. 2000) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996). "The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Id.* Here, Petitioner has alleged mere generalities about his ability to access legal resources, not claimed that he has taken action toward filing the petition, not alleged when he "found about the library's alleged deficiency," and not alleged how his lack of access to legal

5

materials prevented him from timely filing a federal habeas action.[4] Therefore, Petitioner has failed to allege extraordinary circumstances and is not entitled to tolling. See *Pitman v. Secretary, Dept. of Corrections*, 2015 WL 5173058 (M.D. Fla. 2015) (Petitioner failed to show extraordinary circumstances by alleging lack of expertise, inadequate resources, and limited access to law library.)

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 12) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of January, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[4] Petitioner states that his access to legal materials has been limited partially "due to the increasing of institution lockdown." Doc. 15, p. 1. Petitioner implies, at least partially, that his lack of access is a recent event, but AEDPA clock ran fourteen years ago in 2001.