IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RON CHRISTOPHER RHODES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-146 (MTT) |
| Warden EDWARD PHILBEN, | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss (Doc. 12) the Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 17). The Magistrate Judge makes this recommendation because the habeas petition was untimely filed and the Petitioner is not entitled to equitable tolling. The Petitioner has objected to the Recommendation (Doc. 19), and the Court has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The objection, allegedly prepared by inmate Frederick Garey, states that "[e]quitable tolling is appropriate." In an affidavit attached to the objection, inmate Garey swears that the Petitioner "never filed any document in his case" and that "all [the Petitioner's] legal documents were filed" by Garey. (Doc. 19-1 at 3). Further, Garey states that the "affidavit … is in regard to [the Petitioner's] ability to comprehend and present legal document on his own behalf, because he ha[s] a mental defect and a physical handicap." (*Id.* at 1). As discussed below, Garey's allegedly filing the Petitioner's legal documents is an additional fact relevant to equitable tolling. Therefore,

the Court construes the objection as a motion to amend, and the motion is **GRANTED**. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint.  Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it.").

As noted by the Magistrate Judge, "mental impairment is not *per se* a reason to toll a statute of limitations," as there must be "a causal connection between his mental incapacity and his ability to file a timely § 2254 petition." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  In determining whether a causal connection exists, the Eleventh Circuit has found it relevant whether "by himself, [a petitioner] is not able to understand and comply with the AEDPA's filing requirements and deadlines" or even whether a petitioner "would have a very difficult time … assisting others in preparing his § 2254 petition." *Id.* at 1309.  In concluding that the Petitioner is not entitled to equitable tolling, the Magistrate Judge emphasized that "there is no indication in the record that Petitioner's motions are written by legal assistants" and that the "Petitioner has filed over twenty motions pursuing multiple avenues attacking his conviction."  (Doc. 17 at 4-5).  However, given the new allegation that someone other than the Petitioner has been filing "all of [his] legal documents" because of his mental incompetency, the Court **REFERS** the matter back to the Magistrate Judge to further consider whether equitable tolling should apply.[1]

---

[1] The Court agrees the habeas petition was filed outside AEDPA's one-year limitations period.

Also pending is the Petitioner's motion to compel discovery of the psychiatric evaluations.  (Doc. 8).  This motion is **DENIED without prejudice** subject to renewal after reconsideration of the motion to dismiss.

**SO ORDERED**, this  23rd day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
