**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RON CHRISTOPHER RHODES,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | No. 5:15-cv-00146-MTT-CHW |
| | : | |
| **Warden EDWARD PHILBEN,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On April 24, 2015, Petitioner, Ron Christopher Rhodes, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent, Edward Philben, filed a motion to dismiss as untimely on September 10, 2015, (Doc. 12) alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions.  Because Petitioner failed to file his Petition within the 1-year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d) and Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**. Doc. 12.

### A. Procedural History

On January 5, 2016, the undersigned entered a Report and Recommendation recommending that Petitioner's claim be dismissed as untimely. Doc. 17. Petitioner filed an objection to the recommendation on January 25, 2016. Doc. 19. In the objection, Petitioner alleged additional facts relevant to whether he is entitled to equitable tolling. The District Court construed the objection as a motion to amend and referred the matter back to the undersigned "to further consider whether equitable tolling should apply" in light of the new allegations.

Specifically, inmate Federick Garey filed an affidavit stating that he had filed all previous post-conviction motions in Petitioner's case and attesting to his interactions and observations of Petitioner. The undersigned then directed Respondent to file a response to Petitioner's Motion to Amend. Respondent responded with Petitioner's psychological evaluations and the transcript of the state habeas proceedings. Petitioner filed a reply to Respondent's response on April 1, 2016, and the case is again ripe for review. The sole issue before the court is whether Petitioner is entitled to equitable tolling.

### A. Medical and Factual History

As explained in the original Report and Recommendation, Petitioner suffered brain damage at the age of fifteen when he was shot in the head. Six years later Petitioner was indicted for murder and armed robbery and entered a plea of guilty but mentally retarded. The plea was supported by two psychological evaluations. Dr. Norman Moore performed the first Psychological Evaluation and determined that Petitioner was incompetent to stand trial and mentally retarded at the time of the murder. Doc. 23-1, p. 29; Doc. 23-2, p. 27. A second psychological examination performed by Dr. James Sikes determined Petitioner to be competent and not mentally retarded. Notably, Petitioner behaved similarly during each psychological evaluation, but the second evaluation took place at Central State Hospital where the evaluator was able to observe Petitioner outside the confines of formal testing. Interviews with individuals who had day-to-day interactions with Petitioner revealed that Petitioner played billiards with "considerable skill," carried on normal conversations, played basketball with a competitive edge, and bench pressed substantial weight. One activity therapist described Petitioner as "very coherent" and "very alert." Doc. 23-2, p. 7.

Dr. Sikes' opinion is as follows:

> It is my opinion, with reasonable medical certainty, that Ron Rhodes has the present capacity to qualify as legally competent to stand trial. Although Mr. Rhodes is presenting himself in a manner believed by him to portray a lack of understanding and mental and physical capacity, it is obviously an act to escape legal consequences. He understands the waiver of confidentiality and elects not to discuss specific issues. He is unable to offer reliable and consistent evidence of an impairment of the extent he is attempting to demonstrate. His actions when casually observed prove abilities beyond what he portrays. His brain damage is in an area of physical body control and he does not appear to have suffered significant loss of intellect because of the injury. His failure to pass the ninth grade could be casually interpreted as evidence of brain injury having such an effect, but the pattern of failing and missing classes and defiance in school appears to be a result of his choice of peer group and his substance abuse. These same factors unfortunately appear to have led to illegal behaviors.

Doc. 23-1, p. 10 -11.  Dr. Sikes further stated:

> I am aware that he has an expert with an opinion of mental retardation, and I believe that perhaps if all the data was reviewed by his expert, the opinion might change. The expert unfortunately did not have the time and facility and staff available for consistent and prolonged evaluation, and I feel these factors gave this examiner an advantage of additional information not made available to the expert. The statements by the defendant on the two days following the event show functioning, grammar, and memory totally inconsistent with that he presented to both examiners.

*Id.* at 12.

## DISCUSSION

Generally, equitable tolling is only available where a Petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The circumstances which may demonstrate entitlement to equitable tolling are rare and exceptional. *Charest v. King*, 155 F. App'x 494, 496 (11th Cir. 2005) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). One sufficiently exceptional circumstance may be mental incapacity. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). A low I.Q. alone, however, is insufficient to establish equitable

tolling. *Lawrence*, 421 F.3d at 1226-27 (quoting *Green v. Hinsley*, 116 F. App'x 749, 751 (7th Cir. 2004); *Doe v. U.S.*, 469 F. App'x 798, 800-01 (11th Cir. 2012). A history of mental illness will also not entitle a Petitioner to equitable tolling where a Petitioner has filed numerous other proceedings. *Lewis v. Oubre*, 2010 WL 8972200 (N.D. Ga. 2010)[1]; see also *Murphy v. Hall*, No. 1:09-cv-043 (S.D. Ga. 2009). Even an inability to read write, and speak English may be insufficient to establish equitable tolling. See *Deleon v. Flordia Dept. of Corr.*, 470 F. App'x 732 (11th Cir. 2012).

Instead, to be entitled to equitable tolling, Petitioner must demonstrate a causal connection between his mental disability and his failure to comply with the limitations requirement. *Hunter*, 587 F.3d at 1308. The Petitioner must show "more than that it is difficult for him to understand and act upon his legal rights; rather he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did." *Lewis*, 2010 WL 8972200, at *14 (citing *Moore v. Bryant*, No 8:06-CV-1365-T-30TBM (M.D. Fla. 2006)).

In this case, the evidence shows that during the period for which Petitioner argues he is entitled to equitable tolling he was able to file twenty motions in state court. While Petitioner now claims that he relied on a writ writer to do so, this allegation does not significantly change the analysis on the facts of this case, and Petitioner is not entitled to equitable tolling. The evidence shows that Petitioner is able to read, able to write, and able to speak.[2] Petitioner was competent at the time of entering his plea and has remained communicative and capable since. Petitioner's own writ writer admits that Petitioner is able to help with his case, able to advocate for himself within the prison, and merely describes his impairment generally as a handicap

---

[1] Denial of equitable tolling based on alleged mental incapacity was affirmed on appeal to the Eleventh Circuit in *Lewis v. Warden, Phillips State Prison*,  2016 WL 158748 (11th Cir. 2016).
[2] Petitioner appeared in court at this state habeas action and read questions to his attorney.

causing Petitioner to be slower than others.[3] Petitioner has further filed numerous motions in this case, most of which have been timely. This Petitioner's reliance on others due to educational or other limitations is not an uncommon occurrence for those seeking habeas relief and cannot establish justification for equitable tolling. See *Fonseca v. McNeil*, 2009 WL 196095, at *5 (S.D.Fla.2009)

Further, Petitioner's responses since the original Report and Recommendation have primarily argued that his failure to timely file resulted from lack of legal knowledge, inability to use a computer, and lack of access to his legal documents, which were apparently lost when Petitioner transferred prisons in 2004.[4] None of these issues constitutes extraordinary circumstances justifying equitable tolling. See *Reynolds v. McLaughlin*, 2013 WL 3756473 (M.D. Ga. 2013); *Deleon*, 470 F. App'x at 733 -34. The inadequacy of "inmate law clerks" that may assist a pro se Petitioner is also insufficient to establish equitable tolling. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.1990); *Leftwich v. Sec'y, Dep't of Corr.*, 2011 WL 4947531, at *3 (M.D. Fla 2011); *Joubert v. McNeil*, 2010 WL 451102, at *5 (S.D. Fla. 2010); *Stettner v. Sec'y, Dept. of Corr*, 2013 WL 6048811 (N.D. Fla. 2013); *Crenshaw v. Ferrell*, 2006 WL 2091771 (S.D. Ala. 2006); *Marsh v. Soares*, 223 F.3d 1217, 1220–21 (10th Cir.2000).

## CONCLUSION

In sum, the record shows that Petitioner suffered brain damage at the age of fifteen, but Petitioner is capable of understanding his legal rights and acting upon them. Petitioner was capable of and did file multiple motions during the period for which he seeks equitable tolling,

[3] Petitioner's writ writer further alleges that Petitioner has no memory of his state habeas action, but is able to give a detailed account regarding Petitioner's 2004 prison transfer. Doc. 19-1. The writ writer met Petitioner in 2013.
[4] Petitioner was capable of understanding the importance these documents may have had and advocated for their return within the parameters of prison administrative remedies. *Id*. By the time Petitioner allegedly lost these documents, nearly five years had passed since his conviction and the AEDPA clock had already run.

albeit through the help of others.[5]  He has continued to be able to file responses, motions, and notifications throughout the duration of the instant action. The medical evidence and Petitioner's behavior contradict his allegations, and Petitioner cannot show that his brain injury and mental disability are the cause of his failure to comply with AEDPA. Therefore, Petitioner cannot establish a causal connection between his mental disability and his ability to file a timely petition and is not entitled to equitable tolling. See *Mullins v. Thomas*, 2014 WL 1330922, at *3 (N.D. Ala. 2014). To the extent that Petitioner may argue that he was given incorrect advice by his writ writer and was ignorant of the limitations requirement, he cannot establish justification for equitable tolling.[6]

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 12) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**.   It is further **RECOMMENDED** that Petitioner's Renewed Motion to Compel Production of his Psychological Examinations (Doc. 25) and "Motion for a Continuous" (Doc. 18) be **DENIED** as moot. Finally, it is **RECOMMENDED** that that the Clerk of Court be **DIRECTED** to *reconstrue* Petitioner's "Amended Motion to Support Exigent Tolling" (Doc. 24) as a response to Doc. 22.

Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

---

[5] Petitioner's writ writer states that they met in 2013. The current action was not filed until April 24, 2015. Doc. 1
[6] Petitioner also cannot establish due diligence. Over sixteen years have passed since Petitioner pled guilty, with minimal actions by Petitioner

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

**SO RECOMMENDED**, this 8th day of April, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge