IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RON CHRISTOPHER RHODES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 5:15-CV-146 (MTT) |
| ) | |
| Warden EDWARD PHILBEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss (Doc. 12) the Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254, denying the Petitioner's Renewed Motion to Compel Production of his Psychological Examination (Doc. 25) and "Motion for Continuous" (Doc.18) as moot,[1] and denying a certificate of appealability.[2] (Doc. 26). The Magistrate Judge makes this recommendation because the habeas petition was untimely filed and the Petitioner is not entitled to equitable tolling. The Petitioner has objected to the Recommendation (Doc. 27), and the Court has conducted a de novo review of the portions of the Recommendation to which the Petitioner objects.

---

[1] The Magistrate Judge also recommends that the Clerk of Court be directed to reconstrue the Petitioner's "Amended Motion to Support Exigent Tolling" (Doc. 24) as a response to Doc. 22. The Court accepts and adopts this recommendation. The Clerk of Court is **DIRECTED** to docket the Petitioner's Amended Motion to Support Exigent Tolling (Doc. 24) as a response to the Respondent's reply to a court order (Doc. 22).

[2] The Magistrate Judge previously recommended that the Court grant the Respondent's motion to dismiss. (Doc. 17). However, because the Petitioner provided additional facts in his objection regarding his mental incompetency, which were relevant to the issue of equitable tolling, the Court referred the matter back to the Magistrate Judge to consider these additional facts. (Doc. 20). The Magistrate Judge has considered those additional facts and has made the present recommendation.

The Court has reviewed the Recommendation and agrees with the Magistrate Judge that the Petitioner's habeas petition is untimely and that he failed to sufficiently allege he is entitled to equitable tolling.  Specifically, even taking his allegations as true that he receives help from a writ writer, has a low IQ, is "mentally retard[ed]," and "suffers [from] a mental impairment" (Doc. 19), the Court agrees for the reasons discussed in the Recommendation that he failed to sufficiently allege a causal connection between his alleged mental incompetency and his inability to file a timely habeas petition.  The Court also emphasizes that the Petitioner failed to establish he has been pursuing his rights diligently.[3]  Nor has the Petitioner established that he is entitled to an evidentiary hearing on the issue of equitable tolling.[4]  *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing.").

Therefore, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Respondent's motion to dismiss (Doc. 12) is **GRANTED**, and the untimely petition is **DISMISSED with prejudice**.  Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal

---

[3] As noted by the Magistrate Judge, it took the Plaintiff over 15 years since he entered his guilty plea and two years since after meeting and receiving help from his writ writer to file the present petition.

[4] The Court notes that the Petitioner has repeatedly objected to the Respondent's failure to provide the psychiatric examination of Dr. Norman Moore.  *See, e.g.*, (Docs. 19 at 5; 24 at 2; 27 at 2).  The Respondent has supplemented the record with Dr. Norman Moore's psychiatric examination of the Petitioner.  (Doc. 23-2 at 23-30).

would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

The Petitioner's "motion for a continuous" (Doc. 18), motion to compel production of his psychological examinations" (Doc. 25), motion to strike (Doc. 28), motion for order to renew motion to compel (Doc. 29), and motion for more definite statement (Doc. 32) are **DENIED as moot**.

**SO ORDERED**, this 25th day of August, 2016.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT